IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

In Re:

INTERNATIONAL BRIDGE CORPORATION,  Case Number 15-20951
Chapter 11
Debtor.

## EMERGENCY MOTION FOR INTERIM USE OF CASH COLLATERAL AND REQUEST FOR RELATED RELIEF DETERMINING ADEQUATE PROTECTION

COMES NOW the Debtor, International Bridge Corporation (the "**Debtor**"), by and through counsel, Wesley F. Smith of Stevens & Brand, LLP, and files its Emergency Motion for Interim Use of Cash Collateral and Request for Related Relief Determining Adequate Protection (the **"Cash Collateral Motion"**), asking the Court for an Interim Order authorizing the Debtor's use of cash collateral pursuant to 11 U.S.C. § 363(a), and requesting a determination by the Court that the Internal Revenue Service is adequately protected pursuant to 11 U.S.C. §§ 361 and 363.

In support of the its Cash Collateral Motion, the Debtor states as follows:

### NATURE OF THE CASE AND JURISDICTION

1.  On May 7, 2015 (the "**Filing Date**"), the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

2.  The Debtor is maintaining its business as a contractor in the South Pacific, particularly Guam, pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3.  The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper herein under 28 U.S.C. §§ 1408 and 1409.

4.  The Debtor requests authority to use cash collateral generated post-Petition, which is comprised of accounts receivable due from CaPFA Capital Corp. 2010A ("**CaPFA**"), and a determination by the Court that no further adequate protection is necessary at this time.

5. Pursuant to Fed. Bankr. R. 4001(b)(B):

   A. The Debtor, TOA Corporation ("**TOA**"), the Government of Guam, Department of Revenue and Taxation ("**Guam**"), and the Internal Revenue Service ("**IRS**") may claim an interest in the cash collateral (*see* ¶ 8);

   B. The purpose for the use of the cash collateral is miscellaneous operating costs, the payment of income to its employees, payment of attorney's fees, and for payment of the United States Trustee's assessments and other expenses in the Chapter 11 proceeding (*see* ¶ 17–18);

   C. The cash collateral will be utilized on an interim, but likely ongoing basis, with extensions to this Motion filed every 90 days, or other period as the Court orders (*see* ¶ 20); and

   D. The Debtor will grant a continuing and replacement lien in accounts receivable created post-Petition. However, no further adequate protection will be provided (*see* ¶ 21–18).

## BACKGROUND INFORMATION

6. The Debtor is an Ohio corporation previously engaged in the construction business, primarily building government projects in the South Pacific and Guam. It has constructed a high school for CaPFA on the island of Guam, and most recently the Kilo Wharf Extension for the Department of the Navy at the Commander Naval Regional Marianas, main Base, Guam ("**Wharf Project**"). The Debtor is no longer currently seeking construction projects due to the lien of the IRS. Its main business now is fulfilling a service and maintenance contract for the John F. Kennedy High School on the island of Guam ("**JFK Contract**"). The Debtor manages the contract and subcontracts with General Pacific Services, LLC ("**GPS**") to perform the maintenance. The Debtor collects a 10% fee for facilitating the services. The remainder collected from CaPFA is paid to GPS. Additionally, with regard to the Wharf Project, the Navy is

2
Case 15-20951   Doc# 15   Filed 05/07/15   Page 2 of 7

holding retainage on Debtor-scope work totaling $2,265,000, and it is reviewing certified claims totaling approximately $12,000,000 for additional Debtor-scope work. Associated with this receivable, the Debtor owes vendors and other unsecured creditors in the approximate amount of $693,000, TOA in the amount of $7,756,778.56 (of which $629,000 is undisputed, and the remainder is disputed), the IRS the amount of $4,477,161.30, and Guam in the amount of $4,822,812.

7. The Debtor is currently comprised of one Shareholder, Robert Toelkes, its President and Manager.

8. On or about August 2, 2011, the IRS filed a Notice of Federal Tax Lien with the Register of Deeds in Shawnee County, Kansas ("**Tax Lien**").

9. On or about March 12, 2015, Guam filed a Notice of Guam Tax Lien Under Business Privilege Tax Law with the District Court of Guam ("**Guam Lien**").

10. TOA May assert an interest in the cash collateral by virtue of a UCC-1 filed with some branch of the Guam Government.

11. The Tax Lien and Guam Lien are secured by all of the property of the Debtor, but specifically, for the purpose of this Motion, the JFK Contract.

12. The description of property that TOA claims an interest in does not seem to encompass the cash collateral. Moreover, the Debtor is an Ohio Corporation. TOA has made no filing in Ohio, as required by UCC §§ 9-301 and 307(e).

13. As of the Filing Date, the Debtor was indebted to the IRS in the approximate amount of $4,477,161.30, plus accrued interest and penalties.

14. As of the Filing Date, the Debtor was indebted to the Guam in the amount of $4,822,812, plus accrued interest and penalties

15. The Debtor's assets include, at the time of the Filing Date, among other things:

    A. Accounts receivable owed in regard to the Kilo Wharf Project with the United States Department of the Navy in the approximate amount of $14,265,000;

B.   Trade accounts receivable in the amount of $2,653,997.77;

C.   Account receivable owed by CaPFA in the amount of $760.50, with an additional $73,478.67 becoming due on May 8, 2015;

D.   Equipment and inventory with an approximate value of $407,169.63; and

E.   Bank accounts with a combined approximate balance of $66.50.

## RELIEF REQUESTED

16.   The Debtor has an immediate and critical need to use cash collateral in order to preserve and protect the value of its assets, and requests the use of cash collateral pursuant to § 363 of the Bankruptcy Code. The Debtor has no source of income other than from the operation of its business.

17.   The Debtor will require the use of cash collateral in order to conduct its day-to-day operations including, but not limited to, the payment of expenses, including payments to GPS, payment for the purchase of supplies and other various overhead expenses, payment of income to its employees, payment of attorney's fees, and for payment of the United States Trustee's assessments and other expenses in the Chapter 11 proceeding. Without the continued use of cash collateral during the pendency of this Chapter 11 proceeding in accordance with the terms of an Interim Order entered by this Court, the Debtor's estate and creditors will suffer immediate and irreparable harm.

18.   Therefore, the Debtor seeks Court permission to use cash collateral, only to the extent of the account receivable owed by CaPFA for the month of April and each month thereafter, to continue its business operations pursuant to the itemized budget (the "**Budget**") attached hereto and incorporated herein as Exhibit A.

19.   If allowed to use the cash collateral for its operating needs, the Debtor should not require any additional post-Petition financing, nor should it incur further indebtedness during the pendency of this case.

20.   The Debtor proposes to use cash collateral pursuant to this Motion on an interim, but likely ongoing basis, and will file additional motions extending the use of cash collateral

4

every 90 days, or on another term as established by the Court.

21. The Debtor contends that IRS and Guam are currently over-secured based upon the value of its assets and the secured claims as of the Filing Date, and therefore no additional security or value should be required for use of the cash collateral. The Debtor will grant an ongoing replacement lien to IRS and Guam in accounts receivable including, but not limited to, the account receivable owed by CaPFA derived after the Filing Date.

22. The Debtor requests a determination that the Debtor is not obligated to provide additional adequate protection at this time.

23. The relief requested in this Motion is essential for the operation of the Debtor's business and the management and preservation of the Property.

24. No committee of creditors has yet been appointed or designated in this case.

25. Pursuant to Fed. Banrk. R. 4001(b)(2) and (c)(2), the Debtor respectfully requests that the Court set a date for the Final Hearing that is no later than thirty (30) days following the Filing Date.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order granting the following relief:

A. That a Final Hearing on this Motion be set no later than thirty (30) days following the Filing Date;

B. Authorization for the Debtor to use the above-referenced cash collateral for the payment of employees and other expenses that the Debtor incurs in the ordinary course of business and in accordance with the Debtor's Budget;

C. A determination that the Debtor is not currently required to provide adequate protection despite the use of cash collateral based upon the over-secured status of the IRS and Guam, the equity cushion that exists, and the replacement lien in accounts receivable derived after the Filing Date; and

D.  Such other and further relief as the Court deems fair, just, and appropriate under the circumstances.

Respectfully Submitted,

**STEVENS & BRAND, LLP**

By: _s/ Wesley F. Smith_
WESLEY F. SMITH, #18517
900 Massachusetts, Suite 500
P.O. Box 189
Lawrence, Kansas 66044
Telephone ~ (785) 843-0811
Facsimile ~ (785) 843-0341
E-Mail ~ WSmith@StevensBrand.com
**Counsel for Debtor-in-Possession**

# BUDGET
## International Bridge Corporation
### May through October, 2015

| Account # | Account Name | May | June | July | August | September | October | Total |
|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | |
| 1-1-4000.00 | Contract Revenue | $ 73,478.67 | $ 73,478.67 | $ 73,478.67 | $ 73,478.67 | $ 73,478.67 | $ 73,478.67 | $ 440,872.02 |
| **EXPENSES** | | | | | | | | |
| 1-1-5020.00 | Direct Costs - Subcontractors | $ (65,000.00) | $ (65,000.00) | $ (65,000.00) | $ (65,000.00) | $ (65,000.00) | $ (65,000.00) | $ (390,000.00) |
| 1-1-7000.00 | Salaries - Administrative | $ (812.65) | $ (812.65) | $ (812.65) | $ (812.65) | $ (812.65) | $ (812.65) | $ (4,875.90) |
| 1-1-7002.00 | Salaries - Accounting | $ (500.00) | $ (500.00) | $ (500.00) | $ (500.00) | $ (500.00) | $ (500.00) | $ (3,000.00) |
| 1-1-7010.00 | Payroll Tax Expense | $ (100.42) | $ (100.42) | $ (100.42) | $ (100.42) | $ (100.42) | $ (100.42) | $ (602.52) |
| 1-1-7210.00 | Bank Charges | $ (15.00) | $ (15.00) | $ (15.00) | $ (15.00) | $ (15.00) | $ (15.00) | $ (90.00) |
| 1-1-7590.00 | Professional Fees | $ (2,000.00) | $ (2,000.00) | $ (2,000.00) | $ (2,000.00) | $ (2,000.00) | $ (2,000.00) | $ (12,000.00) |
| **NET INCOME** | | $ 5,050.60 | $ 5,050.60 | $ 5,050.60 | $ 5,050.60 | $ 5,050.60 | $ 5,050.60 | $ 30,303.60 |


EXHIBIT A